**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4533**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILLIP THOMAS MCGOWANS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:15-cr-00021-RDB-1)

Submitted: November 19, 2019                    Decided: November 21, 2019

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Gary Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Zachary Byrne Stendig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Thomas McGowans appeals his conviction and 144-month sentence imposed by the district court after he pleaded guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012), pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. McGowans' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether McGowans' sentence is reasonable. McGowans did not file a pro se supplemental brief despite being notified of his right to do so. The Government moves to dismiss this appeal as barred by the appellate waiver contained within McGowans' plea agreement. For the reason that follow, we affirm in part and dismiss in part.

Appellate counsel questions whether McGowans' sentence is reasonable. Where, as here, the Government seeks to enforce an appeal waiver and McGowans has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). McGowans does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable. Moreover, McGowans' challenge to the reasonableness of his sentence falls within the waiver's scope. Accordingly, we grant the Government's motion to dismiss McGowans' appeal of his sentence.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore

affirm the remainder of the district court's judgment. This court requires that counsel inform McGowans, in writing, of the right to petition the Supreme Court of the United States for further review. If McGowans requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McGowans.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*